UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LEE BELL | CIV. ACTION NO. 3:21-03838 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| GRAPHIC PACKAGING INTERNATIONAL, L. L. C. | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

On February 3, 2022, the court issued an order allotting Plaintiff Lee Bell thirty (30) days to either enroll new counsel or file written notice with the court indicating that he intended to represent himself, *pro se*. [doc. # 12]. When the foregoing deadline lapsed without any response from Bell, the undersigned issued an order requiring Bell to show cause by March 27, 2022, why he should not be sanctioned for failure to comply with the court's February 3, 2022 Order. (Show Cause Order [doc. # 13]).[1] Within that same deadline, the court *again* ordered Bell to enroll new counsel or to file a written statement with the court indicating that he intended to represent himself, *pro se*. *Id*.

To date, Bell has not responded to the latest order and deadline.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion

---

[1] The court noted that potential sanctions included dismissal of his case. *Id*.

by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

To the extent that the applicable statute of limitations eventually may bar Bell from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice,"--"an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, Bell has ignored more than one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is every indication that he no longer wishes to pursue his cause of action.[2] Finally, Bell's unrepentant flaunting of court

---

[2] Certainly, if Bell disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.

orders[3] reflects his own contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to him as a litigant unrepresented by counsel.[5]

Upon consideration, the court is constrained to find that this matter is subject to dismissal for failure to prosecute/heed orders of the court. Accordingly,

IT IS RECOMMENDED that the instant suit be DISMISSED. FED. R. CIV. P. 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

[3] This report and recommendation itself provides Bell with further notice of his non-compliance.

[4] *See Millan, supra*.

[5] While the court is aware that Bell is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

In Chambers, at Monroe, Louisiana, on this 8th day of April, 2022.

                                                      _____
                                                      KAYLA DYE MCCLUSKY
                                                      UNITED STATES MAGISTRATE JUDGE